UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

SERENITY HOUSE DETOX PALM
BEACH, LLC,

CASE NO: 22-18717-MAM
CHAPTER 11

Debtor.
_____/

## MOTION FOR STAY RELIEF

COMES NOW the Creditor, WHITE RABBIT PROPERTIES, LLC ("Landlord"), by and through its undersigned counsel, and files this Motion for Stay Relief to complete the eviction of the Debtor from non-residential real estate owned by the Landlord, and in furtherance thereof would say that:

## FACTUAL AND PROCEDURAL BACKGROUND

1. The Landlord owns the property and structure located at 250 Thelma Avenue, Jupiter, FL 33458 (the "Property"). The Property consists of approximately one and one third acres of land, on which a building of approximately 10,500 square feet is located.

2. On September 25, 2020, Landlord and Debtor entered into a Lease Agreement (the "Lease"), pursuant to which Debtor leased the entire Property from Landlord for an initial terms of five years. A true copy of the Lease is attached hereto as **Exhibit A**.

3. Among Debtor's obligations under the Lease are the following, particularly pertinent to this Motion: timely payment of rent and other charges, the obligation to maintain the building, including the roof, in good repair, the obligation to maintain various insurance to cover multiple risks, including but not limited to property and casualty insurance on the building itself, and a restriction on assigning the Lease, as defined therein, without the Landlord's express consent.

4.      Prior to the filing of the bankruptcy petition in this case, the following Lease defaults occurred:

   a. The Debtor failed to pay September 2022 rent.
   b. The Debtor has failed to maintain the roof of the building.
   c. The Debtor has failed to maintain property and casualty insurance on the building, which failure continues to this day.
   d. As stated in the Chapter 11 Case Management Summary filed in this case (DE #19), the prior owner/member of the Debtor sold the business/assets of the Debtor in May 2022 to, upon information and belief, a California company called Better Soul, Inc. This knowledge is based upon information and belief since neither the Debtor, its former owners, or its current owners advised the Landlord of this change, must less received the Landlord's consent to same, which consent is required since such a change is defined as an "assignment" under the terms of the Lease.

5.      Because of these defaults, the Landlord, through counsel, provided the Debtor with multiple "Notices of Default and Termination of Lease", all prior to the filing of Debtor's Chapter 11 petition on November 11, 2022.  The first of these Notices was provided on or about August 11, 2022, a true copy of which is attached as **Exhibit B** (the "First Notice").  This Notice advised the Debtor that, because of the defaults described therein, the "Landlord exercises its right to terminate the Lease effective immediately", among other things.

6.      A subsequent Notice was issued on September 7, 2022 because, although the Debtor tendered August 2022 in response to the first notice, it failed to tender September rent, and had failed to address the other defaults set for above, and in the September 7, 2022 Notice.  A true copy of this Notice is attached hereto as **Exhibit C** (the "Second Notice").  Like the First Notice, the Second Notice advised the Debtor that, due to its multiple and continuing defaults, the Landlord had elected to "terminate the Lease effective immediately."

7.      These Notices were delivered to the Debtor by hand delivery to the Property, and by email, certified mail and US Mail to the Debtor at the addresses set forth in Paragraph 16 of the Lease (among others).

8. The Debtor never responded to these Notices, and so, on September 12, 2022, the Landlord commenced its action for eviction and damages in Palm Beach County Circuit Court. A true copy of Landlord's Complaint is attached hereto as **Exhibit D**. The Debtor never responded to the Complaint, despite having been served with same, and as a result, and because it failed to deposit uncontested back rent into the circuit Court Registry in accordance with §83.232, Fla. Stat., the circuit court entered a final default judgment as to possession of the Property against the Debtor on October 14, 2022 (attached hereto as **Exhibit E**).

9. Before the Writ of Possession for the Property could be executed, the Debtor filed for relief on November 11, 2022.

## RELIEF SOUGHT

10. Landlord seeks relief from the bankruptcy stay to complete the eviction of the Debtor from the Property. The basis for this request is that the Lease was terminated in accordance with the Lease terms and Florida law prior to the commencement of this case, and as such, the Lease is not property of the estate, and is not subject to assumption or rejection by the Debtor.

## ARGUMENT

11. The law governing this issue is discussed in the case of *In re: Jet Center, Inc.*, 335 B.R. 771 (Bankr. M.D.Fla. 2005). That case involved the debtor's efforts to assume leases with the City of Naples Airport Authority regarding certain property at the Naples Airport. The debtor's motion to assume these leases was opposed by the City on the grounds that the "leases were effectively terminated prior to the commencement of the Chapter 11 case of the Debtor." *Ibid.*, at p. 774. The court's analysis began by noting that pursuant to Section 541(b)(2) of the Bankruptcy Code, a lease of non-residential real property that has been terminated prior to the commencement of the case is no longer property of the estate, and thus not subject to assumption by the debtor.

3

As in this case, the determinative question before the court in *Jet Center* was framed thusly by Judge Paskay: "it is necessary to determine whether or not the Leases involved in this matter were still valid and enforceable under the applicable law of this State at the commencement of the Chapter 11 case of the Debtor." *Ibid.*, at p. 781.

12.  The *Jet Center* court started by citing the "well-established" Florida law regarding a commercial landlord's options in the event of a default:

> "(1) the landlord may treat the lease as terminated and retake possession for its own account, thus terminating any further liability on the part of the lessee: (2) the lessor may retake possession of the premises on account of a lessee, holding the lessee liable for the difference between rental fixed by the lease and the amount which in good faith the lessor was able to recover as mitigation from reletting the premises; or (3) the lessor may stand by and do nothing, holding lessee liable for full rent due if there is an acceleration clause, and the lessor has the right to exercise acceleration." *Coast Fed. Sav. & Loan Ass'n. v. DeLoach*, 362 So.2d 982 (Fla. 2nd DCA 1978); *Jimmy Hall's Morningside v. Blackburn & Peck Enter., Inc.*, 235 So.2d 344 (Fla. 2nd DCA 1970).

*Ibid.*, at p. 782.

13.  The opinion went on to state that "…in order for a lease to be terminated pre-petition, three elements need to be proven: (1) there must have been a default; (2) clear notice must have been given that the lease would be terminated if the default is not timely cured; and (3) the debtor must have failed to effectuate the cure within the cure period, which expired pre-petition. *In re Stress Simulation Sys., Inc.*, 130 B.R. 351 (Bankr.M.D.Fla.1991); *In re PAVCO Enters., Inc.*, 172 B.R. 114 (Bankr.M.D.Fla.1994); *In re Gande Rests., Inc.*, 162 B.R. 345 (Bankr.M.D.Fla.1993)." *Ibid.*

14.  After applying these legal maxims to the facts in the *Jet Center* case, the court concluded that "…the Leases were effectively terminated upon the Debtor's failure to cure the default within the time fixed in the Notice…Thus, the Leases were not property of the estate on

the date of the commencement of the Chapter 11 case by virtue of Section 541(b)(2)." *Jet Center*, at p. 784.

15. Applying the law above to the facts of this case warrants the same conclusion. Paragraph 28(a) of the Lease provides that a failure to pay rent and other charges after five (5) days' notice and opportunity to cure, and a failure to cure non-monetary defaults after fifteen (15) days' notice and opportunity to cure, constitute "Events of Default." Paragraph 28(b) of the Lease goes on to provide that, should an Event of Default occur, and is not cured within the stated cure period, the Landlord may among other things, "…terminate this Lease and sue Tenant for damages under this Lease…", in addition to pursuing "any combination" of the stated remedies "…and/or any other remedy available to Landlord on account of the Event of Default…"

16. The First Notice and Second Notice advised the Debtor of the various defaults, and provided the Debtor with sufficient time to address same, per the terms of the Lease. The Debtor ignored these notices, and never responded, and in fact never responded to the lawsuit filed against it. The Notices advised the Debtor that Landlord was exercising "its right to terminate the Lease effective immediately." Thus, all of the requirements under Florida law to effectuate a termination of the Lease pre-petition occurred—there were defaults, there were notices of these defaults provided to the Debtor, and the Debtor failed to cure the defaults prior to filing its bankruptcy petition.

WHEREFORE, based upon the foregoing, the Landlord asks this Court to determine that the Lease attached hereto was terminated pre-petition, that said Lease is therefore not property of the estate subject to assumption, and that Landlord be granted full stay relief to complete its eviction of the Debtor from the Property (with the claim for damages continuing to be stayed for the duration of this bankruptcy proceeding).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided via electronic mail upon each of the parties and counsel identified on the CM/ECF service list created and maintained by the Court for this case on December 14, 2022.

> COHEN, NORRIS, WOLMER,
> RAY, TELEPMAN, BERKOWITZ & COHEN
> 712 U.S. Highway One, Suite 400
> P.O. Box 13146
> North Palm Beach, FL 33408-7146
> (561) 844-3600 - Telephone
> (561) 842-4104 – Facsimile
> jst@cohennorris.com -- Email
>
> By: /s/ James S. Telepman
>     JAMES S. TELEPMAN, ESQ.
>     Florida Bar No. 466786